No. 13,175.

Rosetta Gravel Paving and Improvement Co. vs. Mary Louise Kennedy, Wife of Charles Genella; in re, Mary Louise Kennedy, Applying for Certiorari or Writ of Review to the Court of Appeals, Parish of Orleans, State of Louisiana.

| 51 | 1535 |
| 52 | 837 |
| 52 | 856 |
| o52 | 857 |

## Syllabus.

1st. Writ of Certiorari or Review.—The Court of Appeals held that the case came to it on appeal under the Constitution of 1879, and could not be reviewed by it save on the issues presented by a statement of facts, bill of exceptions or assignment of errors. The Supreme Court held that the question not reviewed by that court, had not been noted in the manner required by statute No. 102 of 1877; and, further, that it would not, on an application for *certiorari* or review, disturb the court's decision, in which it held properly, that a bill of exception should have been taken reserving the questions of law of which that court had jurisdiction.

2nd. The Ruling of the District Court.—*Ex industria* the court reviewed the action of the District Court excluding evidence offered by defendant and concluded that it afforded no ground for issuing the writ of *certiorari* and review.

3rd. Prescription.—The prescription invoked is prescription favorable to the city, and not one for the benefit of abutting proprietors. The plea was properly overruled.

*O. B. Sansum* and *Samuel Sansum* for Petitioner.

*E. Evariste Moise, G. F. Socola*, and *John Wagner*, for Respond-
ents.

Submitted on briefs May 6, 1899.
Opinion handed down May 29, 1899.
Rehearing refused (reasons assigned) June 26, 1899.

On application for rehearing by MONROE, J.

The opinion of the court was delivered by

BREAUX, J. The defendant, relatrix here, denies that she is in-
debted to plaintiff in the sum of three hundred and thirty-five and
17-100 dollars, and petitions this court to decree that the judgment of
the Court of Appeals and the judgment and decree of the Civil Dis-
trict Court, rendered against her, in favor of the plaintiff, are er-
roneous and not valid in law.

The *gravamen* of relator's complaint is that plaintiff has not com-
plied with its contract, to pave with Rosetta Concrete Gravel a cer-
tain street, or part of a street, mentioned in her petition.

Plaintiff declared on this contract. The defendant answered, set-
ting up her grounds of defense.

In order to sustain its claim before the District Court, the plaintiff,
it seems, introduced in evidence copies of ordinances under which
the contract was made, and a certificate of the engineer and Commis-
sioner of Public Works. This evidence was admitted by the court in
February, 1898.

The defendant, for the purpose of proving her defense, offered to
prove certain facts to which it appears objection was made by plaintiff's
counsel, upon the ground that the answer of the defendant, relatrix
here, did not set forth any fact, which would justify the court in
maintaining the defense.

This objection was taken under advisement by the judge of the
District Court, and he decided, on the 12th day of April, 1898, (as
shown by a note of the short-hand reporter, not dated, and not filed),
that the evidence offered by this defendant was not admissible, and
sustained plaintiff's objection.

The minute entries of the court show that the case came to trial,

and after hearing counsel, the matter was submitted as to the questions of law.

On the 13th day of May, 1898, the case was heard on the testimony which had been admitted, and was finally decided in the District Court on the 31st day of that month.

The record shows that no evidence was offered after the 12th of April. We infer that the court, after that time, only passed on questions which were considered by it questions of fact, from which, under the Constitution of 1879—the amount involved being less than five hundred dollars—there was no appeal.

The court avers in answer to the rule nisi, that on the 12th of April, 1898, when the judge sustained the objection of the plaintiff to the defendant's proving the averments of her answer, no bill of separate exception was reserved and that none was taken, and that no bill of exception appears of record in the case. ·

Relatrix, on the other hand, insists, that on the day just stated, when the court excluded her testimony, her counsel excepted to the ruling of the court, and that the exception was noted in lieu of a formal bill of exception.

We only have an added note by the short-hand reporter to a document headed "note of evidence taken in open court on the 13th day of February, 1896."

The note added reads:

"The court having on the 12th day of April, 1898, maintained the objection of counsel for plaintiff and excluded the evidence proposed to be introduced by defendant's counsel, defendant excepts to the said ruling of the court and has this note taken in lieu of a formal bill of exception."

This is signed by the shorthand reporter. ·

The contention on the part of plaintiff, here, is that that was not a compliance with the law; that no question of law was thereby brought up on appeal. ·

The Court of Appeals found that the suit was on a paving contract for an amount less than five hundred dollars; that it was tried before the adoption of the present Constitution, and could not be reviewed by it, except on the issues of law.

1st. The statement is correct; that no bill of exception was reserved, and no attempt was made to bring up any point of law before

the court, under the rules which prevailed prior to the Constitution of 1898.

The statute regarding bill of exception, requires, "when one reserves a question in relation to evidence, that the reporter or clerk shall take it down as presented, in the presence of the opposing counsel, and that the judge shall cause his ruling to be likewise taken down at the time, and in that case it will be as if a bill had been duly taken." Statue 102 of 1877.

The Court of Appeals held: "The record does not contain a statement of facts or any bill of exception, but presents the following which is an assignment of errors."

That court after setting forth each point and numbering it in its order, states: "The most casual inspection of headings (1 to 9, inclusive), will show that no complaints refer to the exclusion of evidence—a matter to be presented by bills of exception only."

It does not appear that the note written at the bottom of the bill was a part of the bill of exceptions; it was written some time after the instrument named "a note of evidence," had been written.

In reviewing the question pressed upon our attention, we concluded that we should not disturb the action of the Court of Appeals, as it does not appear that the statute authorizing a note to be made of a question "in lieu of a bill of exception," had been complied with.

The Court of Appeals decided that the record does not contain a statement of facts, or any bill of exceptions, but presents the following, which is styled an assignment of errors, which it overruled.

That "under repeated rulings in cases of this nature," it assumed "that the judgment was rendered on sufficient evidence, properly received."

This was a question that court had full authority to decide. We have not found that; as relates to the facts or the law, there was error which would warrant us in setting aside the proceedings.

The statute 102, A. D. 1877, was not followed, and, in addition, the court held that the rule which was in force under the Constitution of 1879, was not observed. On these grounds we must decline to annul the judgment. The Court of Appeals had authority to determine that the issues raised in argument had not been presented in the pleadings and had not been properly brought up by a bill of exception.

2nd. Although we might have rested our decision upon the ground before stated, we took up for review the action of the District Court,

of which defendant complains, and we stopped our examination of the merits, persuaded that there would not be grounds enough to justify our action, if we were to set aside the proceedings and order another trial.

While it may be that a *mandamus* could lie to complete the record, (if it be incomplete), we do not think that the writ of review, under Article 101 of the Constitution of 1898, was intended to act so as to compel a court to consider a document as presenting a question of law for its determination, when the court holds that the document cannot be considered by it, because its rules, or the statute relating to evidence, have not been observed.

We must decline to make the writ peremptory, for we do not think that anything occurred in the proceedings of courts below differing from the regular course of law; and, further, if there was error, another writ than the one applied for here lies to correct the error.

This brings us to the question of prescription, the next question involved.

3rd. Relator avers that the contract is dated July, 1894, and that it was completed ninety days thereafter.

The suit was commenced May 8th, 1896.

By statute 91 of A. D. 1858, "all action for the enforcement of any contract entered into with the corporation of the city of New Orleans for work or labor, is prescribed by twelve months," the prescription here pleaded.

Construing this statute the Court of Appeals decided that the prescription was one which the city alone could plead. This view appears to us sustained by the words of the law. Moreover, the title of the statute would be entirely defective and misleading if that interpretation be incorrect, for it refers exclusively to the city of New Orleans. There is no expression in the statute which can give rise to the inference that the legislature intended the statutes to be more far reaching than the title, which limits its extent to the city of New Orleans.

For the reasons assigned, the rule *nisi* which issued in this case is recalled and cancelled; and the application of relator for a writ of *certiorari* or review is rejected at relator's costs.

## ON APPLICATION FOR REHEARING.

MONROE, J. Relator alleges that in May, 1896, the plaintiff brought

suit against her for $335.37, on a paving contract, which it had en-
tered into, in July, 1894, with the city of New Orleans; that, under
this contract, the paving was to have been done according to certain
specifications, and that the certificates were to have been issued for
every two blocks completed; that a certificate was issued September
6th, 1894, which included her property, but covered only one block;
that she refused to pay, on the grounds that the method prescribed
for arriving at the *pro rata* had not been observed, and that plaintiff
then sued on said contract and certificate. She further alleges that
she answered by general denial, and specific averments, that all the
holes in the sub-grade had not been cleaned out and filled, and that
cypress planks were not laid according to the contract, or used in
curbing, and that the contract had not, in other respects, been ex-
ecuted. She afterwards set up that plaintiff had no right to stand in
judgment, and that there was no competition, and she plead the
prescription of one year. The suit came up for trial in the District
Court February 18th, 1898, when relator, as defendant, objected to
the admission in evidence of the certificate. The case was contin-
ued to February 24th, when she offered to prove that holes in the
sub-grade were not cleaned out, and that the contract had not, in
other respects, been executed, to which offers plaintiff objected, and
the court took the objection under advisement, and on April 12th,
sustained the objection, and to this ruling she alleges that she, then
and there, excepted, and that said exception was noted in lieu of a
bill.

She further alleges that, on May 18th, 1898, the case came on again
for trial, and was submitted, and that, on May 31st, there was judg-
ment overruling her plea of prescription and in favor of the plaintiff
on the merits, from which she appealed. That the case was tried in
the Court of Appeal, March 26, 1899, and the judgment appealed from
affirmed, and rehearing thereafter refused.

She claims that there was error in excluding the testimony offered
in her behalf, but she alleges that her most important complaint is,
that the contract sued on was *ultra vires,* in that it authorizes *pro rata*
on two squares, when the law contemplates *pro rata* upon the whole
work, and that the certificate was unlawful because predicated on one
square. She claims that, as the case was decided on May 31st, 1898,
the jurisdiction of the Court of Appeal was determined by Article 98

.of the Constitution of 1898, which gives that court jurisdiction as to facts and law.

It appears from the record that the case was partially tried and .evidence offered and objected to on February 18,1898, but that there was no ruling on the objections.   On February 24, 1898, it came up for hearing on plaintiff's objections to defendant's evidence, and was taken under advisement.   On April 12th, 1898, there was judgment maintaining the objections.   The case came on again for trial, upon the merits, May 18th, 1898, and was taken under advisement, and judgment was rendered May 31st, 1898.

On appeal, the defendant presented an assignment of error with thirteen specifications, to-wit:

Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, assign as error that the court a qua refused to admit certain evidence offered on behalf of the defendant.

The Court of Appeal held that the point should have been brought up by bills of exception.   Counsel for the defendant does not controvert this, but claims that a bill of exception was reserved, and, in support of this contention, refers to a note made by the stenographer at the end of his notes of evidence, which contain the headings:

"Note of evidence taken in open court on the 18th day of February, 1898, before the Hon. N. H. Rightor, Judge.   Present:   E. E. Moise, for plaintiff; O. B. Sansum and Samuel Sansum, for defendant," and     *   *   *   "note of evidence continued in open court on the 24th day of February, 1898, before the Hon. N. H. Rightor, Judge.   Present all attorneys of record."

The note relied on appears to have been added, in writing, after the notes, to which the foregoing headings refer, had been type-written and filed in the court as part of the record, and read as follows:

"The court having, on the twelfth day of April, 1898, maintained the objection of counsel for the plaintiff, and excluded the evidence proposed to be introduced by defendant, counsel for defendant excepts to said ruling of the court and has this note taken in lieu of a formal bill of exceptions."

Whether this note was made at the time that the judge a quo made the ruling excepted to, does not appear.   It certainly was not made when the document upon which it appears, was filed, February 24, 1898, as the note refers to a ruling made April 12th, 1898.   The document upon which it appears had, therefore, become a record of the

court, which no one, without authority from the court, at all events, had the right to add to or subtract from. Nor is there anything to show that the exception was reserved when the ruling was made. And the probability is that it was not, because the point had been taken under advisement February 24th, 1898, and was not decided until April 12th, 1898. Under these circumstances, it was not reserved in conformity to Act 102 of 1877, which contemplates the reservation of bills, in that form, only in cases where the exception is taken at the time of the ruling and in presence of the parties.

The specifications Nos. 10, 11 and 12, in assignment of error, relate, as the Court of Appeal says, to matters of fact, and the specification Nos. 13, to the question of prescription.

The case had been fully tried and submitted before the adoption of the Constitution of 1898. To give to the Court of Appeal jurisdiction under such circumstances, upon questions of fact, would be to give to the Constitution of 1898 a retroactive effect, and be calculated to work great hardship, since, at the time of the trial, that court had no such jurisdicion, and hence, the case was not tried with reference thereto. The Court of Appeal was, therefore, right in holding that its jurisdiction was governed by the constitution of 1879.

The 13th specification relates to the prescription set up. The law relied upon is entitled: "An act relative to prescription of certain " actions against the city of New Orleans." The context relates only to the city of New Orleans and its application is properly so confined.

There appears, then, to be no error in the judgment of the Court of Appeal upon any of the issues raised in or presented to, it.

The question of the defendant's personal liability was not raised, and therefore can not be reviewed, nor can the Supreme Court deal with it as an original question upon a writ of review.

The rehearing is, therefore, refused.